*513 OPINION of the Court, by
Judge Owsxey.
This is an appeal from a judgment of the court below rendered in an action of ejectment brought by the appellee.
On the trial in that court the appellants proved that those under whom they claim took possession of and actually settled upon the land in contest upwards of 20 years before the commencement of the suit, under an agreement to lease the same for three lives, from Thomas Marshall, the regular attorney in fact of his father Thomas Marshall: but that before any written lease was given, Marshall haying discovered that a claim ol Kenton covered the land, abandoned his claim and informed the tenant that he mUsyt make the best terms he could with Kenton ; whereupon, on the motion of the appellee’s counsel, the court instructed the jurv that the *514 possession of Rankin, who took possession under the agreement with Marshall, from the time Marshall abandoned his claim, must be considered as extending no farther than his actual occupancy; and that the appellee’s right to recover could notin consequence of that posses-si°» be barred, except for so much as was in actual ocCUpation.
a poffeifion to bar an entry twij/adverfe of ieffio*.erCP
Whether, therefore, the court erred in their instruc-t»óns^ ag tSiey emj3j.ac c the only point made in argument, demands exclusively the consideration of this court,
That to maintain an ejectment the plaintiff must show *n himself a legal right of entry to the land, is a propo-sition too familiar to all .to need any illustration from the court. Whatever, therefore, conduces to disprove the existence of such a right, may be properly relied on in the defence of such an action; and hence, as by the statute concerning the limitations of actions, all entries on land are inhibited after the lapse of twenty years from the accrual of the right, it has been uniformly held, both in this country and thatfrom whose statute ours w as taken, that where no disability intervenes the action can-tiot be maintained against an adverse possession of 20 years. The possession must, however, be an actual, and not a constructive one: for as no action can be maintained to recover any other kind of possession, it would be preposterous to suppose any other could defeat a right of entry.
To what extent a person residing upon land.ought to he considered as actually possessed, must no doubt depend very much upon the circumstances of each particular case, but need not, as we apprehend, be decided in this instance : for as actual possession cannot extend beyond what may be actually occupied, the court cannot have erred in directing the jury the limits of the former were circumscribed by the boundaries of the latter.
L»ut it was contended in argument, that the instructions of the court were intended to limit the inquiry of the jury to the actual inclosure of the tenant; and as he may have been actually possessed beyond the close, it is urged the instructions are erroneous.
Judging from the record, We cannot however impute to the court such an intention : for as they have used language of a broader import, their decision should not be reversed upon the hypothesis of their having intended to convey a different meaning.
Judgment affirmed with costs.